Janet P. SYLVESTER

v.

John E. SYLVESTER, Jr.

Supreme Judicial Court of Maine.

Argued May 14, 1982.

Decided May 19, 1982.

Pierce, Atwood, Scribner, Allen, Smith & Lancaster, John S. Upton (orally), Portland, for plaintiff.

Fitzgerald, Donovan & Conley, Constance P. O'Neil (orally), Bath, for defendant.

Before GODFREY, NICHOLS, ROBERTS, CARTER and VIOLETTE, JJ.

ROBERTS, Justice.

Again before this court, *see Sylvester v. Sylvester*, Me., 429 A.2d 223 (1981), John E. Sylvester now appeals from the divorce judgment entered in Superior Court, Cumberland County, on March 28, 1978 and from an order entered in Superior Court on October 21, 1981 relating to a motion brought by Janet P. Sylvester to enforce the 1978 judgment. We affirm the 1978 judgment and dismiss the appeal from the 1981 order.

M.R.Civ.P. 80(d) provides: "Unless otherwise ordered by the court . . . any order granting a divorce, annulment, disposition of property under 19 M.R.S.A. § 722–A, or other disposition, award or division, of property incident upon a divorce or annulment, other than a temporary order under Rule 80(c), shall be a final judgment, notwithstanding the pendency of any other claim or counterclaim in the action." We are not precluded, therefore, by any considerations arising under M.R.Civ.P. 54(b), from reaching the merits of the appeal from the original divorce judgment. In that appeal, John Sylvester claims the evidence was insufficient to support the finding of cruel and abusive treatment on his part. A careful review of the record indicates the Superior Court had before it sufficient evidence to support the finding. We therefore affirm the judgment of March 28, 1978.

John Sylvester has also appealed from an order entered on Janet Sylvester's motion to enforce the March 28, 1978 judgment. In her motion Janet Sylvester asked the Superior Court not only to enforce the original judgment but also asked for counsel fees necessary to prosecute the motion. The Superior Court order of October 21, 1981 did not decide the question of counsel fees. Instead, the court expressly reserved that issue because "[f]urther hearing may be necessary." M.R.Civ.P. 80(d) does not exempt post-judgment orders, such as the

one here appealed, from the requirements of M.R.Civ.P. 54(b). Inasmuch as the Superior Court has not yet awarded counsel fees, we must dismiss the appeal as it relates to the order of October 21, 1981 for lack of a final order.

The entry is:

Judgment of the Superior Court dated March 28, 1978 is affirmed.

Appeal from the order of the Superior Court dated October 21, 1981 is dismissed for lack of a final order.

All concurring.