Gloria BERRY

v.

Dexter BERRY.

Supreme Judicial Court of Maine.

Argued Oct. 5, 1993.
Decided Nov. 12, 1993.

Toby Hollander (orally), Robert Laskoff, P.A., Lewiston, for plaintiff.

Edward S. David (orally), Joyce, Dumas, David & Hanstein, P.A., Livermore Falls, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

Dexter Berry appeals from an order of the Superior Court (Oxford County, *Fritzsche, J.*) denying Gloria Berry's Motion for Relief in the Nature of Mandamus. In her motion, Gloria had sought to have the Superior Court issue a writ to restrain the District Court from holding a hearing on the parties' divorce judgment after the case had been remanded for the second time to the District Court from the Superior Court. At oral argument, the parties indicated that Dexter's appeal of further District Court action in this very same case is currently pending in the Superior Court. Accordingly, because it is not from a final judgment, we dismiss this appeal.

The parties were divorced in the District Court (Rumford, *Sheldon, J.*) in July 1990. Dexter appealed the judgment to the Superior Court in 1990, and, after remand, again in

1992. He succeeded in part in both appeals.[1] The Superior Court ordered that the case be remanded to the District Court in 1991 (*Fritzsche, J.*) and again in 1992 (*Cole, J.*). Following the 1992 remand order, the District Court scheduled an evidentiary hearing on the extent to which Dexter's obligation to make mortgage and insurance payments could be deemed to be alimony. Even though no part of the case was pending in the Superior Court, Gloria sought a writ of mandamus by a motion brought in the Superior Court to restrain the District Court from holding its scheduled hearing. She contended that the issue of mortgage and insurance payments had already been decided. The Superior Court (*Fritzsche, J.*) denied the motion and declined to issue a writ of mandamus. In its order, however, the court went on to indicate that "it was not the intent of [the] earlier order that a further hearing be held.... The remaining actions of the District Court do not require a hearing." It is from that order of the Superior Court that Dexter has taken this appeal.

In the meantime, following the entry of the Superior Court order denying mandamus relief, the District Court (*French, J.*) did not hold any further hearings on the matter and issued an order that included additional findings. Dexter has appealed the District Court order amending the divorce judgment to the Superior Court, where the matter is currently pending.

■ Generally, only final judgments are ripe for appellate review. *See Sylvester v. Sylvester*, 445 A.2d 674, 674–75 (Me.1982); *Bowley v. Bowley*, 440 A.2d 332, 333–34 (Me. 1982). A judgment is final, as opposed to interlocutory, when "1) the trial court's action fully decides and disposes of the whole matter leaving nothing further for the consideration and judgment of the trial court, and 2) no subsequent proceedings in the case will render the appellate court's decision im-

material." *In re Erica B.*, 520 A.2d 342, 343–44 (Me.1987). The purpose of the final judgment rule is to prevent procedural appeals; "help[ ] curtail interruption, delay, duplication and harassment; ... minimize[ ] interference with the trial process; ... serve[ ] the goal of judicial economy; and ... save[ ] the appellate court from deciding issues which may ultimately be mooted, thus not only leaving a crisper, more comprehensible record for review in the end but also in many cases avoiding an appeal altogether." *State v. Maine State Employees Ass'n*, 482 A.2d 461, 464 (Me.1984).

■ This appeal is from the order of the Superior Court on a motion seeking a writ of mandamus. The motion seeking relief from District Court action by a writ of mandamus should have been summarily dismissed by the Superior Court,[2] and should not have been the occasion for any comment by the court. Nevertheless, for us to entertain this appeal would run counter to the purposes of the final judgment rule. The Superior Court's order denying mandamus did not "fully decide[ ] and dispose[ ] of the whole matter." *Erica B.*, 520 A.2d at 343. All the major issues in this case are still subject to contention in the appeal now pending in the Superior Court. By entertaining this piecemeal appeal, we would be encouraging further delay in a case already too long delayed, interfering with the proper processing of this case, and hampering the goal of judicial economy. Moreover, we would be addressing an issue that could be mooted by actions taken either at the Superior Court or District Court level. *See Maine State Employees Ass'n*, 482 A.2d at 464. The Superior Court order is not a final judgment, and no exception to the final judgment rule is applicable. Accordingly, we decline to entertain the appeal.

---

1. The issues included the way the divorce judgment treated real estate, Dexter's pension, Dexter's obligation to make certain mortgage and insurance payments, Gloria's social security benefits, and attorney fees.

2. The request for relief in the nature of mandamus was filed in the Superior Court by motion. The case was pending in the District Court. The

Superior Court had not retained jurisdiction of the case when it remanded to the District Court, and the Superior Court has no general supervisory authority over the District Court. In such circumstances, relief in the nature of mandamus, if appropriate at all, would have to be sought in a plenary action.

The entry is:

Appeal dismissed.

All concurring.