**Ursula RICHTER,**

v.

**Horst RICHTER.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 16, 1994.

Decided March 31, 1994.

---

David J. Fletcher, Fletcher, Foster & Mahar, Calais, for plaintiff.

Alan D. Graves, Machias, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

Ursula Richter appeals from a judgment entered in the Superior Court (Washington County, *Alexander, J.*) ordering her and Horst Richter, her ex-husband, to submit a plan for the physical partition of property owned by them in joint tenancy. She contends that the court should have ordered a sale of the property and a division of the proceeds rather than the physical partition. We dismiss the appeal for the lack of a final judgment.

In 1976 Ursula and Horst Richter acquired 40 acres of land in Robbinston. When they divorced in 1982, the District Court (Calais, *Rogers, J.*) directed that the property remain in joint tenancy, subject to Horst's right to purchase Ursula's interest. Horst remained on the property but did not purchase his ex-wife's interest.

In 1992 Ursula filed a complaint seeking a physical partition of the property or a sale and a division of the proceeds. After a non-jury trial the court concluded that a physical partition was appropriate but, because of the limited value of the property, did not appoint commissioners to recommend a division. The court instead exercised its equitable powers and ordered the parties to submit a plan for the physical partition for its approval. This appeal followed.

Although we reject Ursula's assertion that she did not invoke the court's equitable jurisdiction, 14 M.R.S.A. § 6051(7), (13) (1980), as well as her contention that a sale of the property is the only viable solution, we also recognize that the court's order did not effect a partition. *See Libby v. Lorrain*, 430 A.2d 37, 39 (Me.1981) (by asking alternatively for partition by physical division or by sale, plaintiff invoked the court's equitable jurisdiction); *Williams v. Coombs*, 88 Me. 183, 185, 33 A. 1073, 1074 (1895) (court's power to order sale "will not be exercised" when physical partition is practicable without injuring the rights of the parties or greatly impairing the value of the property). In this case the court merely ordered the parties to submit a plan for partition, subject to its approval. Because that order did not fully dispose of the matter but left further action to be taken in the trial court, there is no final judgment. *Berry v. Berry*, 634 A.2d 451, 452 (Me.1993). In the absence of an applicable exception to the final judgment rule, we decline to address the merits at this time. *See id.*

The entry is:

Appeal dismissed.

All concurring.