1999 ME 193

**Edward MUSSON**

v.

**Otis A. GODLEY et al.**

Supreme Judicial Court of Maine.

Argued Dec. 8, 1999.
Decided Dec. 22, 1999.

Charles E. Gilbert (orally), Gilbert & Greif, Bangor, for plaintiff.

Edmond J. Bearor (orally), Rudman & Winchell, LLC, Bangor, for defendants.

Before WATHEN, C.J., and CLIFFORD, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

SAUFLEY, J.

[¶ 1]  *Edward Musson* appeals from an order entered in the Superior Court (Hancock County, *Mead, J.*) finding that Musson failed to establish that he had ousted his cotenant and consequently that he had failed to establish that he had acquired title to property by adverse possession. Because the order of the Superior Court was not final, we remand the case for further proceedings.

[¶ 2]  This matter involves a dispute over title to Loon Island (a/k/a Goat Island) on Great Pond in the Town of Great Pond. Musson and Bruce Hathaway purchased the property in question as tenants in common in 1946. Shortly thereafter, Hathaway left the state and had no further involvement with the property. Musson continued his involvement with the property, running a hunting and fishing camp on the land for several decades. Hathaway died in 1991. After Hathaway's estate and Musson were unable to reach an agreement regarding the nature of the estate's interest in the property, the personal representative of the estate sold whatever interest it had in the property to Otis Godley.

[¶ 3]  On February 6, 1996, Musson filed suit against Godley, the Hathaway estate, and Seeley Clark (as mortgagee to Godley) seeking betterment compensation for improvements made to the property, a partition of the property, or a declaration that Musson had obtained exclusive title to the property by adverse possession. The Hathaway estate and Godley filed answers and counterclaims. In their counterclaims, they sought an accounting and sought to recover a proportion of profits or earnings from the operation of the business on the property from 1946 to the present.

[¶ 4]  After a nonjury trial, the Superior Court found that Musson had failed to establish title by adverse possession because he did not carry his burden of showing a "clear ouster" of his cotenant. With respect to the financial claims, the court ordered that Musson provide an accounting for all income and expenses related to the property. The court, however, declined to rule on the competing requests for monetary awards, and ordered that "[t]he court has left the door open for the

parties to return to court upon the issues of partition and money due from one to the other as appropriate."[1]

[¶5] It is evident, therefore, that Musson's appeal is premature. Although the matter before us involves three separate issues—adverse possession, partition, and income or expense allocation—it does not follow that the resolution of any one of those issues creates an appealable event. Generally, only final judgments are ripe for appellate review. "A judgment is final ... when ... 'the trial court's action fully decides and disposes of the whole matter leaving nothing further for the consideration and judgment of the trial court.'" *Berry v. Berry,* 634 A.2d 451, 452 (Me.1993) (quoting *In re Erica B.,* 520 A.2d 342, 343–44 (Me.1987)). We have provided for a few narrow exceptions to the rule but have limited their application to extraordinary situations. *See State v. Maine State Employees Ass'n,* 482 A.2d 461, 464 (Me.1984) (discussing the application of the death knell, judicial economy, and collateral order exceptions).

[¶6] None of the exceptions applies here. An immediate appellate review is not necessary to prevent an "irreparable injury ." *See Plumbago Mining Corp. v. Sweatt,* 444 A.2d 361, 368 (Me.1982). Similarly, the interests of judicial economy do not require immediate review. *See Milstar Mfg. Corp. v. Waterville Urban Renewal Auth.,* 351 A.2d 538 (Me.1976). To the contrary, a review here would not only encourage piecemeal litigation, it would invite the parties to relitigate several aspects of the current case. Finally, the collateral order exception is not applicable to the facts before us.

[¶7] In limited instances, when the resolution of one part of an action may be dispositive of the remaining unresolved components of the action, the parties may seek appellate review of one component alone by obtaining a certification of final judgment pursuant to M.R. Civ. P. 54(b)(1).[2] *See Key Bank of Me. v. Park Entrance Motel,* 640 A.2d 211, 212 (Me. 1994); *Citicorp Mortgage, Inc. v. Keneborus,* 641 A.2d 188, 190 (Me.1994). Neither of the parties attempted to secure a Rule 54(b) certification in this matter. *See Dairyland Ins. Co. v. Christensen,* 1999 ME 160, ¶ 6, 740 A.2d 43.[3]

[¶8] Accordingly, because there was no final judgment in the Superior Court, we dismiss the appeal and remand the case for further proceedings. Upon remand, the court may, in its discretion, open the record for further evidence on issues of partition and monetary remedies.

The entry is:

Appeal dismissed. Remanded to the Superior Court for further proceedings consistent with this opinion.

---

1. At other points in its orders, the court referred to its actions in deferring resolution as "dismissal without prejudice" of the monetary and partition claims and opined that a final judgment had been entered. The parties did not, however, agree to dismiss the claims without prejudice, and the court anticipated further proceedings on those claims. We therefore treat the claims as deferred for further action of the court following an accounting. If the court concludes that there is insufficient information upon which a decision can be based, the court will be guided by the burdens of proof on each issue.

2. M.R. Civ. P. 54(b) provides in pertinent part:

   when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment.

3. Alternate methods of obtaining review, such as M.R. Civ. P. 72, would not have been applicable to these proceedings.