2001 ME 151

**TOWN OF OTIS**

v.

**Jesse DERR.**

Supreme Judicial Court of Maine.

Argued: Oct. 9, 2001.
Decided: Oct. 31, 2001.

David F. Szewczyk, Esq. (orally), Macdonald Chase & Szewczyk, Bangor, for plaintiff.

Chadbourn H. Smith, Esq. (orally), James Collier, Esq., Fenton, Chapman Smith & Kane, P.A., Bar Harbor, for defendant.

Panel: CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Jesse Derr appeals from the Superior Court's order, (Hancock County, *Mead, C.J.*), vacating a District Court judgment, (Ellsworth, *Murray, J.*), finding him not in violation of the Town of Otis Zoning Ordinance. Derr argues that we should hear this interlocutory appeal for reasons of judicial economy. We disagree and dismiss the appeal.

■ [¶ 2] With few exceptions,[1] we decline to hear interlocutory appeals. *Millett v. Atlantic Richfield Co.*, 2000 ME 178, ¶ 8, 760 A.2d 250, 253. Furthermore, we have held that appeals from Superior Court remand orders are interlocutory and "should not be entertained unless 'the remand requires only that the [District Court] ... address a procedural or ancillary matter distinct from the issue upon which appeal to the [Law Court] is sought.'" *Watson–Maddocks v. Maddocks*, 676 A.2d 937, 939 (Me.1996) (quoting *Wheeler v. Maine Unemployment Ins. Comm'n*, 477 A.2d 1141, 1145 (Me.1984)). This rule helps "curtail interruption, delay, duplication and harassment." *State v. Maine State Employees Ass'n*, 482 A.2d 461, 464 (Me.1984).

■ [¶ 3] The judicial economy exception has two requirements: first, that "review of a non-final order can establish a final, or practically final, disposition of the entire litigation," *id.* at 464; and second, that the interests of justice require that immediate review be undertaken. *Munsey v. Groves*, 151 Me. 200, 202, 117 A.2d 64, 66 (1955).

■ [¶ 4] Derr advances five reasons why we should entertain this interlocutory appeal: first, a decision in his favor will end the case; second, our rules now permit direct appeals from the District Court; third, we seldom hear appeals from zoning violation complaints initiated under Rule 80K;[2] fourth, marketability of title is an issue; fifth, the Superior Court erred when it ordered the District Court to consider matters not considered by the Planning Board.

■ [¶ 5] Derr's arguments do not address the elements or purpose of our final judgment rule and its exceptions. Whether we have an opportunity to offer guidance to local zoning boards or whether a case has an unusual procedural posture and would now be heard on direct appeal is immaterial to the application of the rule. *Musson v. Godley*, 1999 ME 193, ¶ 5, 742 A.2d 479, 481 ("We have provided for a few narrow exceptions to the rule but limited their application to extraordinary situations.").

[¶ 6] Derr's appeal does not concern an ancillary or procedural matter, but rather the Superior Court's judgment that his shoreside house is within the statutorily required setback. Nor do the interests of justice or the ability of this court to provide a final disposition of this case support entertaining this appeal at this time. Derr's appeal fails to meet the criteria for the judicial economy exception set out in *Munsey*, because the interests of justice do not require immediate review. *Musson*, 1999 ME 193, ¶ 6, 742 A.2d at 481. Irrespective of whether we *could* decide the legal issues he raises and thereby end further litigation, Derr has not shown sufficient urgency in this appeal. In contrast to our other cases where the parties would be significantly affected by delay, Derr can demonstrate no such injury. *See Williams v. Williams*, 1998 ME 32, ¶ 7, 706 A.2d 1038, 1039 (The judicial economy exception applied when the sudden retirement of a judge resulted in inordinate delay in a child custody matter.).

[¶ 7] During the course of this litigation, Derr has had the continuing use of his house. No penalties for violation of the Town's ordinance have been assessed

---

1. Those exceptions are the judicial economy exception, the death knell exception, and the collateral order exception.

2. Rule 80K of the Maine Rules of Civil Procedure provides an expedited procedure for adjudicating violations of land use laws and ordinances. M.R. Civ. P. 80K.

against him. Although the delay of returning to the District Court for factual findings may result in additional fines, Derr must bear substantial responsibility for that delay for it was his decision to take this interlocutory appeal. "Judicial economy is not served by taking this appeal." *Millett,* 2000 ME 178, ¶17, 760 A.2d at 256.

The entry is:

Appeal dismissed.