2002 ME 54

**DEPARTMENT OF HUMAN
SERVICES o/b/o Greta
WADE**

v.

**Daniel POULIN**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 30, 2001.

Decided: April 8, 2002.

G. Steven Rowe, Attorney General, E. Mary Kelly, Asst. Attorney General, Augusta, for plaintiff.

Francis M. Jackson, Jackson & MacNichol, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, and CALKINS, JJ.

SAUFLEY, C.J.

[¶ 1] Daniel Poulin appeals from an order entered in the Superior Court (Cumberland County, *Brennan, J.*) granting the Department of Human Services's motion for limited discovery [1] and taking under advisement Poulin's motion to dismiss pending the outcome of the limited discovery. Poulin asserts that we should apply the judicial economy exception to the final judgment rule and decide that the Superior Court erred in failing to rule upon and

---

1. The discovery in this case was limited to genetic testing consisting of blood and tissue-typing test results.

grant Poulin's motion to dismiss. We dismiss the appeal as interlocutory.

## I. BACKGROUND

[¶ 2] The Department of Human Services brought a paternity action against Daniel Poulin at the request of the Commonwealth of Pennsylvania, on behalf of Greta Wade, the mother, pursuant to the Uniform Interstate Family Support Act (UIFSA), 19–A M.R.S.A. §§ 2801–3401 (1998 & Supp.2001). The Department commenced this paternity action against Poulin in May of 2000 by service in hand of a Notice of Paternity Proceeding pursuant to the Expedited Paternity Process for the Commencement of Paternity Actions. *See* 19–A M.R.S.A. §§ 1601–1616, 3301(2) (1998). Poulin moved to dismiss the paternity action, asserting that the doctrines of res judicata and/or collateral estoppel applied.[2] He also requested attorney fees. The Department later filed a motion for blood or tissue-typing tests pursuant to 19–A M.R.S.A. § 1558 (1998), and an opposition memorandum to Poulin's motion to dismiss. Following a hearing, the Superior Court ordered Poulin to submit to limited discovery at the Department's expense, and took Poulin's motion to dismiss under advisement. Poulin moved to reconsider and later appealed. The Superior Court denied Poulin's motion for reconsideration.

## II. DISCUSSION

◼ [¶ 3] Generally, a final judgment must be entered before an appeal may be taken. *Morse Bros., Inc. v. Webster*, 2001 ME 70, ¶ 13, 772 A.2d 842, 847. Nevertheless, we have recognized three exceptions to the final judgment rule for those instances in which its application would not

further its purpose.[3] *Id.* ¶ 14 (quoting *Dep't of Human Servs. v. Lowatchie*, 569 A.2d 197, 199 (Me.1990)). "The judicial economy exception has two requirements: first, that review of a non-final order can establish a final, or practically final, disposition of the entire litigation, and second, that the interests of justice require that immediate review be undertaken." *Town of Otis v. Derr*, 2001 ME 151, ¶ 3, 782 A.2d 788, 789 (quoting *State v. Me. State Employees Ass'n*, 482 A.2d 461, 464 (Me. 1984)).

◼ [¶ 4] Poulin relies on *Department of Human Services v. Lowatchie*, 569 A.2d 197 (Me.1990), as authority for his assertion that the judicial economy exception is applicable to his interlocutory appeal of the court's failure to grant his motion to dismiss. Contrary to Poulin's assertions, however, *Lowatchie* is not dispositive. In *Lowatchie*, the defendant appealed from a denial of a motion for summary judgment in a paternity action brought by the Department. *Lowatchie*, 569 A.2d at 198. In contrast, the Superior Court took Poulin's motion to dismiss under advisement. Thus, the motion to dismiss has not yet been acted upon and appellate review is therefore not yet possible. We decline to extend the judicial economy exception of the final judgment rule to the limited discovery order entered in this case, and we conclude that the Superior Court did not exceed the bounds of its discretion when it declined to rule on Poulin's motion pending completion of limited discovery.

The entry is:

Appeal dismissed.

Calkins, J., files a concurring opinion, in which Dana, J. joins.

---

2. Poulin alleges that prior enforcement actions bar the prosecution of the State's action in this case.

3. The three recognized exceptions include the judicial economy exception, the death knell exception, and the collateral order exception. *Town of Otis v. Derr*, 2001 ME 151, ¶ 2 n. 1, 782 A.2d 788, 789 n. 1.

CALKINS, J., with whom DANA, J. joins, concurring.

[¶ 5] Although I agree that the court's order is interlocutory and does not fall within the judicial economy exception to the final judgment rule, I write separately to express what I believe to be the proper procedure in a paternity case when there is a motion to dismiss on res judicata grounds. In my opinion the proper procedure is for the court to decide the motion to dismiss before ordering genetic testing. Although the Superior Court is able to avoid a difficult decision on res judicata if the genetic testing demonstrates that the defendant is not the father, such rationale should not support putting these parties in an emotional whirlwind if the doctrine of res judicata forecloses a judgment of paternity against the defendant.