**Ernest A. MOORE, et al.**

v.

**CENTRAL MAINE POWER COMPANY, et al.**

Supreme Judicial Court of Maine.

Argued Dec. 4, 1995.
Decided March 11, 1996.

**700**

Timothy C. Woodcock (orally), Weatherbee, Woodcock, Burlock & Woodcock, Bangor, for Plaintiffs.

Phillip E. Johnson, William H. Laubenstein, III (orally), Johnson, Webbert & Laubenstein, Augusta, for Defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

LIPEZ, Justice.

Plaintiffs Ernest A. Moore individually and as representative for several insurance underwriters at Lloyd's, London (hereinafter collectively referred to as Moore and Companies), appeal from the order entered in the Superior Court (Kennebec County, *Chandler, J.*) dismissing Moore and Companies' claim for a declaratory judgment. Moore and Companies seek a declaration that they do not owe a duty to indemnify their insured, defendant Central Maine Power Company (CMP), for CMP's costs incurred in complying with state and federal environmental regulations. Because the order dismissing Moore and Companies' claim did not dispose of all claims as to all parties in this case, we dismiss this appeal for the lack of a final judgment.

CMP has been named by state and federal environmental agencies as a potentially responsible party for environmental pollution at eleven different sites located in Maine and Massachusetts. CMP has notified its various commercial general liability insurers of these incidents of pollution, and has indicated that it expects indemnification from its insurers. Moore and Companies informed CMP that it does not consider the costs of pollution cleanup to be covered by its insurance policies,

following our decision in *Patrons Oxford Ins. Co. v. Marois,* 573 A.2d 16, 18–19 (Me.1990) (costs incurred in complying with government orders to clean up the insured's own polluted property do not constitute "damages" under a general liability policy).

In July 1993, CMP filed a complaint in the Circuit Court of Cook County, Illinois against its insurers, seeking a declaration that the insurers were obligated to indemnify CMP for its costs in investigating and rehabilitating *one* of the eleven sites, "the O'Connor site", which is in Maine. Although CMP's suit did not name all insurers potentially liable for the O'Connor site, it did name Moore and Companies. On October 1, 1993, Moore and Companies filed the present complaint seeking a declaration that they are not obliged to indemnify CMP for the costs associated with the clean-up of *any* of the eleven sites, including the O'Connor site. This declaratory judgment action named as defendants, in addition to CMP, a number of CMP's other insurers who potentially might be liable to CMP. Those parties were later re-aligned as plaintiffs. The list of named plaintiffs in this declaratory judgment action includes all of the potentially liable insurers, some of whom were not named in the pending Illinois action.

On August 31, 1994, the court dismissed without prejudice the claims for declaratory judgement on the ten non-O'Connor sites, concluding that there was no justiciable controversy regarding those sites because CMP had not yet and may never demand indemnification for costs incurred on those sites. With regard to the O'Connor site, the claims of all insurers who were parties to the Illinois suit, including Moore and Companies, were stayed pending the resolution of that litigation. The insurers who were not parties to the Illinois action were allowed to continue their action in Maine on the O'Connor site only. On September 29, 1994, Moore filed this appeal. On June 30, 1995, the Illinois action was voluntarily dismissed without prejudice. The court then lifted its partial stay on the pending action regarding the O'Connor site.

CMP argues that this appeal should not be entertained because the order of the

trial court, which allowed the claims of the non-Illinois parties, as to the O'Connor site, to continue, did not resolve all issues as to all parties, and therefore the order was not a final judgment. In addition, CMP argues that Moore and Companies did not secure a certification of final judgment pursuant to M.R.Civ.P. 54(b).

Moore and Companies argue that the dismissal of the ten non-O'Connor sites, and the stay against Moore and Companies on the O'Connor site, acted as a final judgment with respect to Moore and Companies and therefore certification under Rule 54(b) is not required. This argument misinterprets the final judgment rule, that states an appeal should not be entertained while there is still a live controversy before the court, as to *any* parties or *any* claims, unless the appellant has secured a 54(b) certification. *See generally, In re Erica B.,* 520 A.2d 342, 343–44 (Me.1987). Moore and Companies have not shown that the litigation over the O'Connor site has concluded. In addition, Moore and Companies have not shown that they are precluded from rejoining the pending litigation, now that the Illinois suit has been voluntarily dismissed and the partial stay has been lifted.

■ The final judgment rule is a prudential rule, designed to avoid piecemeal litigation and to preserve our limited judicial resources. This rule must be tempered with reason and applied with discretion. When the purposes of the final judgment rule would be thwarted by the dismissal of an appeal, the rule will not be applied. This is not such a case. There is currently a live controversy before the trial court relating to the coverage provided by CMP's various general liability policies for the costs of clean-up of the O'Connor site. The issue turns primarily on contract interpretation and our state's legal doctrine. The determination of coverage as to the ten non-O'Connor sites may turn on similar legal questions. Resolution of the O'Connor site litigation may obviate the need for any additional litigation on the remaining ten sites. Hence, application of the final judgment rule may serve the goal of judicial economy.

The entry is:

Appeal dismissed.