2006 ME 122

**Cindy L. FITZGERALD**

v.

**Daniel R. BILODEAU.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 20, 2006.

Decided: Oct. 27, 2006.

1. Section 1751 states that a court may decline jurisdiction to make or modify a child custody determination "if it determines that it is an inconvenient forum under the circumstances

Gregory J. Farris, Tammy Ham–Thompson, Farris Law, Gardiner, for plaintiff.

Sarah C. Mitchell, Skelton, Taintor & Abbott, P.A., Auburn, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

DANA, J.

[¶ 1] Daniel R. Bilodeau appeals from a judgment of the District Court (Augusta, *Mullen, J.*) denying his motion to dismiss on *forum non conveniens* grounds pursuant to 19–A M.R.S. § 1751 (2005).[1] Because the decision is interlocutory, not a final judgment, and not within one of the "narrow and well-defined" exceptions to the final judgment rule, we dismiss the appeal.

## I. BACKGROUND

[¶ 2] Bilodeau and Cindy L. Fitzgerald are the parents of twins. Although never married, they were residents of Maine when the twins were born on December 28, 1992, and when, in February 1996, the District Court (*Perry, J.*) awarded Fitzgerald sole parental rights and responsibilities and Bilodeau reasonable rights of contact. In November 2001, after Bilodeau had relocated to Florida, the court (*Worth, J.*)

and that the court of another state is a more appropriate forum." 19–A M.R.S. § 1751(1) (2005).

issued an amended order awarding shared parental rights and responsibilities to both parents, and primary physical custody to Bilodeau.

[¶ 3] In January 2006, Fitzgerald sought to regain primary physical custody, claiming that Bilodeau "interfered with [her] rights of contact," and provided an "emotionally abusive environment" for the children in Florida. Bilodeau filed a motion to dismiss Fitzgerald's motion to modify for *forum non conveniens*. In March 2006, the District Court (*Mullen, J.*) denied the motion, and Bilodeau filed this appeal.

## II. DISCUSSION

[¶ 4] The Court has held that a judgment is final, and not interlocutory, when: (1) the trial court's action fully decides and disposes of the whole matter leaving nothing further for the consideration and judgment of the trial court; and (2) no subsequent proceedings in the case will render the appellate court's decision immaterial.

*In re Adoption of Matthew R.*, 2000 ME 86, ¶ 5, 750 A.2d 1262, 1264.

[¶ 5] Although we have not explicitly stated as such, we have indicated that an immediate appeal from a denial of a motion to dismiss for *forum non conveniens* under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), 19-A M.R.S. §§ 1731–1783 (2005), is inappropriate. In *Barclay v. Eckert*, 2000 ME 10, 743 A.2d 1259, we decided a factually similar case regarding the denial of a motion to dismiss for *forum non conveniens* under the Uniform Child Custody Jurisdiction Act (UCCJA), the predecessor of the UC-CJEA. Although we affirmed the District Court's exercise of jurisdiction, we noted that denials of motions to dismiss are ordi-

narily not appropriate matters for interlocutory appeals, *Barclay*, 2000 ME 10, n. 1, 743 A.2d at 1261–62, and referenced a decision of the Rhode Island Supreme Court that provided in pertinent part:

> Although we have previously heard an interlocutory appeal on the subject of emergency jurisdiction in a UCCJA case (citation omitted), the experience of this case leads us to the conclusion that it serves the interests of neither the child nor the parents to have the final determination postponed for such a long period. In all likelihood, save for extraordinary circumstances, we shall refuse to hear these interlocutory appeals in the future.

*Duffy v. Reeves*, 619 A.2d 1094, 1098 n. 1 (R.I.1993). We find this reasoning to be persuasive, and take this opportunity to hold that, absent extraordinary circumstances, the denial of a motion to dismiss for *forum non conveniens* under the UC-CJEA is interlocutory, not a final judgment, and therefore not immediately appealable.[2]

The entry is:

Appeal dismissed.

---

2. We have recognized three "narrow and well-defined" exceptions to the final judgment rule: the "judicial economy" exception, the "collateral order" exception, and the "death knell" exception. *State v. Me. State Employees Ass'n*, 482 A.2d 461, 464 (Me.1984). None of these exceptions apply to the case at hand.