STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.: CV-16-244

**THE OCEAN HOUSE
CONDOMINIUM ASSOCIATION, INC.,**

Plaintiff,

v.

**TD BANK, N.A.,**

Defendant.

**ORDER**

## I.    Background

Before the court is defendant TD Bank's motion to dismiss pursuant to M.R. Civ. P. 12(b)(6). On October 12, 2016, plaintiff Ocean House Condominium Association, Inc. filed a complaint against defendant alleging unjust enrichment and seeking judgment in the amount of at least $9,628.47. Defendant timely filed its motion to dismiss arguing that the equitable claim of unjust enrichment must fail because there is a remedy at law available to plaintiff.

The facts of this case are generally as follows: Dee Abdallah purchased a condominium unit at the Ocean House with a mortgage note executed in favor of defendant. Abdallah later defaulted on the mortgage and defendant brought a foreclosure action against her (RE-15-77). Abdallah also owes plaintiff a substantial amount in unpaid condominium association fees. Plaintiff alleges that defendant has been unjustly enriched by plaintiff's upkeep and maintenance of the condominium unit and surrounding property as the foreclosure case proceeds because the defendant would ordinarily have to pay for such services during other foreclosures.

For the limited reason discussed below, the motion to dismiss is denied.

1

## II. Discussion

### a. 12(b)(6)

On a motion to dismiss pursuant to M.R. Civ. P. 12(b)(6) the court examines the "complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 7, 843 A.2d 43 (quoting *In re Wage Payment Litig. v. Wal-Mart Stores, Inc.*, 2000 ME 162, ¶ 3, 759 A.2d 217). The material allegations in the complaint are deemed admitted for the purposes of deciding the motion. *Id.* "A dismissal should only occur when it appears 'beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim.'" *Id.* (quoting *McAfee v. Cole*, 637 A.2d 463, 465 (Me. 1994)).

### b. Unjust Enrichment

The following three elements must be proven to establish a claim for unjust enrichment:

> [One] a benefit conferred upon the defendant by the plaintiff; [two] an appreciation or knowledge by the defendant of the benefit; and [three] the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value.

*Aladdin Elec. Assocs. v. Town of Old Orchard Beach*, 645 A.2d 1142, 1144 (Me. 1994). The facts in the complaint taken in the light most favorable to plaintiff satisfy the first two elements. Defendant is receiving a benefit from plaintiff's upkeep of the property while the foreclosure case is pending, and defendant is aware of that benefit. However, parties dispute whether plaintiff has established a prima facie case of the third element.[1]

"[T]o pursue unjust enrichment in equity, the plaintiff must lack an adequate remedy at

---

[1] To the extent plaintiff argues the slow pace of the foreclosure proceedings contributed to the unjustness in these circumstances, the court finds that such delay is in large part not attributable to defendant, but rather the court's scheduling restraints.

2

law." *WahlcoMetroflex, Inc. v. Baldwin*, 2010 ME 26, ¶ 22, 991 A.2d 44. Whether plaintiff lacks a remedy at law is itself a question of law. *Keniston v. JPMorgan Chase Bank*, 2007 ME 29, ¶ 9 n.6, 918 A.2d 436. "A remedy at law is adequate if it '(1) is as complete, practical and as efficient to the ends of justice and its prompt administration as the remedy in equity, and (2) is obtainable as of right.'" *WahlcoMetroflex, Inc.*, 2010 ME 26, ¶ 22, 991 A.2d 44 (quoting *In re Real Property of Former Wife, K.*, 297 A.2d 424, 426 (Del. Ch. 1972)).

Here, plaintiff may have an adequate legal remedy. The Maine Condominium Act provides the Association "a lien on a unit for any assessment levied against that unit or fines imposed against its unit owner from the time the assessment or fine becomes due." 33 M.R.S. §1603-113(a) (2016). The Act also states such lien is junior to "[a] first mortgage recorded before or after the date on which the assessment sought to be enforced becomes delinquent." §1603-113(b). However, it is unclear based on the facts as alleged in the complaint whether such lien exists at this time and whether that remedy would provide relief that is as practical and efficient as equitable relief.

### III. Conclusion

Therefore, defendant's motion to dismiss is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P.79(a).

DATE: May _11_, 2017

_____
John H. O'Neil, Jr.
Justice, Maine Superior Court

ENTERED ON THE DOCKET ON:_5/11/17_

3

CV-2016-244

ATTORNEY(S) FOR PLAINTIFF

PATRICK BEDARD, ESQ.
BEDARD AND BOBROW
PO BOX 366
ELIOT  ME  03903

ATTORNEY(S) FOR DEFENDANT:

ANDREA HOLBROOK, ESQ.
STEPHANIE WILLIAMS, ESQ.
DUANE MORRIS LLP
2 MONUMENT SQUARE, SUITE 505
PORTLAND  ME  04101