2007 ME 15

**ESTATE OF WILLIAM L. COX**

v.

**EASTERN MAINE MEDICAL CENTER et al.**

Supreme Judicial Court of Maine.

Argued: Sept. 21, 2006.
Decided: Jan. 23, 2007.

Charles E. Gilbert III, Esq. (orally), Julie D. Farr, Esq., Gilbert & Greif, P.A., Bangor, for plaintiff.

George C. Schelling, Esq. (orally), Gross, Minsky & Mogul, P.A., Bangor, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

DANA, J.

[¶ 1] The Estate of William L. Cox appeals from an order entered by a Superior Court justice (*Mead, J.*), acting by reference from a prelitigation screening panel, denying the Estate's requests for discovery, granting Eastern Maine Medical Center's (EMMC) motion for summary judgment, and denying the Estate's motion to dismiss or defer EMMC's motion for summary judgment. We dismiss the Estate's appeal.

[¶ 2] On July 16, 2002, William L. Cox underwent elective surgery at EMMC. Complications from that surgery allegedly caused his death. Pursuant to the Maine Health Security Act (MHSA), 24 M.R.S. §§ 2851–2859 (2006), the Estate commenced an action for professional negligence by filing a notice of claim on October 2, 2003. The notice of claim, as amended, named EMMC along with two other defendants.

[¶ 3] By an order dated January 30, 2004, the chair of the prelitigation screening panel granted EMMC leave to present a motion to the Superior Court "to test whether the Claimant has stated a legal claim against EMMC." EMMC filed a motion for summary judgment with the Superior Court on the grounds that EMMC could not be held liable under any of the theories raised by the Estate in its notice of claim. The Estate filed a motion to dismiss or defer EMMC's motion. The Estate also filed motions in the Superior Court, after a reference by the panel chair, to determine the scope and applicability of the confidentiality provisions of the MHSA and to enforce a document subpoena.

[¶ 4] In an order entered on November 2, 2004, the court denied the Estate's motion to enforce a document subpoena and denied other requests for discovery, determining that discovery of records and information the Estate sought was inappropriate and unavailable under the MHSA due to their confidential and privileged nature. The court denied the Estate's motion to dismiss or defer ruling on EMMC's motion and granted EMMC's motion for summary judgment, finding, in part, that the Estate's evidence, given that further discovery was denied, could not withstand the motion for summary judgment.

[¶ 5] After the court's order, the panel proceeding continued without EMMC as a defendant. The panel's finding was filed with the court on February 13, 2006. On February 27, 2006, the Estate filed a complaint naming as co-defendants EMMC and the two other parties named in the notice of claim. The next day the Estate filed this appeal.

[¶ 6] We are compelled to dismiss the Estate's appeal of both the court's discovery orders and its orders relating to EMMC's motion for summary judgment. First, discovery orders that are entered by the Superior Court while the matter is pending before a prelitigation panel are not reviewable. *See Gafner v. Down East Cmty. Hosp.*, 1999 ME 130, ¶¶ 11, 12, 735 A.2d 969, 972–73. In *Gafner*, we reserved the issue as to whether the decision of a judicial officer in a panel discovery matter relating to an issue such as privilege might be immediately subject to appellate review. *Id.* ¶ 12 n. 4, 735 A.2d at 973. We here answer that reserved question in part. A decision upholding a claim of privilege or confidentiality is not subject to appellate review. Accordingly, we dismiss as not reviewable the Estate's appeal of the court's discovery orders.

[¶ 7] Because the prelitigation screening process has been concluded, the complaint has been filed, and the case is pending in court, these discovery matters may be raised again. If they are and the Superior Court decides the issues the same way, the Estate's immediate appeal of the court's discovery orders would be dismissed as interlocutory. "Generally, discovery orders are interlocutory and not appealable: the aggrieved party must seek relief in appeal from the final judgment." *Lewellyn v. Bell*, 635 A.2d 945, 947 (Me. 1993) (quotation marks omitted); *see also*

*Gafner*, 1999 ME 130, ¶¶ 12 n. 4, 20–21, 735 A.2d at 973, 974–75 (stating that any discovery disputes affecting the presentation of the case in the Superior Court at trial may be raised with the Superior Court prior to trial in that forum, thus preserving the party's right to appellate review).

[¶ 8] Second, the court's order granting a summary judgment to EMMC as a part of the panel proceeding is not reviewable by this Court. Additionally, if the Superior Court now were to ratify its prior decision made as a referee within the panel proceeding, that grant of a summary judgment would not be a "final judgment." [1]

> An appeal is final, as opposed to interlocutory, if (1) the trial court's action fully decides and disposes of the whole matter leaving nothing further for the consideration and judgment of the trial court; and (2) no subsequent proceedings in the case will render the appellate court's decision immaterial.

*In re Adoption of Matthew R.*, 2000 ME 86, ¶ 5, 750 A.2d 1262, 1264 (quotation marks omitted); *see also* Alexander, *Maine Appellate Practice* § 303(a) at 159 (2004). Further, assuming ratification of its panel ruling, there is no indication that the Estate has explored the means to secure an immediate appeal of the court's order. *See* M.R. Civ. P. 54(b)(1) or M.R.App. P. 24.[2]

---

1. Even if the Superior Court were to dismiss the complaint against EMMC, it would likewise not constitute a final judgment as long as litigation continues with respect to the two other parties.

2. Because the Estate's appeal is dismissed on procedural grounds, we have not decided whether the court erred in granting EMMC's motion for summary judgment. We note, however, that:

   > Until the matter has been presented to the Superior Court after the filing of the com-

   > plaint, and until the Superior Court has ruled on any discovery disputes that may be presented to it, that court cannot determine whether the [plaintiff's] evidence will withstand a motion for summary judgment.

   *Gafner v. Down East Cmty. Hosp.*, 1999 ME 130, ¶ 21, 735 A.2d 969, 974–75. The court does not have "authority [under the MHSA] to finally resolve factual issues related to allegations of professional negligence that are presented to a prelitigation screening panel." *Id.* ¶ 23, 735 A.2d at 975.