MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 218
Docket:        And-17-16
Submitted
 On Briefs:    June 29, 2017
Decided:       November 28, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.
Majority:      SAUFLEY, C.J., and MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.
Concurrence/
 Dissent:      ALEXANDER, J.

FRED TAYLOR et al.

v.

MARK WALKER

JABAR, J.

[¶1]  Fred and Eleanor Taylor appeal from a judgment of the Superior Court (Androscoggin County, *MG Kennedy, J.*) vacating the District Court's (Lewiston, *Oram, J.*) order denying Mark Walker's motion to set aside a small claims judgment entered in the District Court (*Ende, J.*).  Although the appeal is interlocutory, given the legislative direction that small claims matters proceed expeditiously, *see* 14 M.R.S. § 7481 (2016); M.R.S.C.P. 1, we address the appeal pursuant to the judicial economy exception and remand for further proceedings.

## I. BACKGROUND

[¶2] The following facts are set forth in the record. *See* M.R. Civ. P. 76F(a). The Taylors are homeowners residing in Auburn. Walker is the president of an insulation installation company. In the spring of 2015, the Taylors contracted with Walker's company to install foam insulation in their home. The Taylors allege that the job was done unsatisfactorily and that the method Walker's company used to install the insulation damaged the home's roof and siding. The Taylors subsequently initiated a small claims action in the District Court against Walker seeking damages of $4,256 plus costs. A hearing on the Taylors' statement of claim was scheduled for July 5, 2016.

[¶3] On the day of the hearing, Walker failed to appear, and the court (*Ende, J.*) entered a default judgment in favor of the Taylors. Later that same day, Walker submitted to the court a letter in which he alleged that he had appeared at the wrong courthouse, and when he realized his mistake, he made efforts to get to the hearing in a timely fashion. In his letter, Walker alleged that he finally arrived at the correct location approximately two-and-a-half-hours after the hearing was scheduled to begin. The District Court accepted the letter

as a motion to set aside the default judgment[1] and in a handwritten order, without conducting a hearing, the court (*Oram, J.*)[2] denied that motion. The court's order states in pertinent part, "After considering the filings, [Walker's] motion to set aside default is denied."

[¶4] Walker subsequently appealed to the Superior Court. *See* M.R.S.C.P. 11(a). The Superior Court vacated the District Court's order denying Walker's motion to set aside the default judgment. It made factual findings, entered an order setting aside the default, and remanded the matter to the District Court for a hearing on the Taylors' underlying claims. In its judgment, without hearing from Walker and the Taylors, the Superior Court made various factual findings and credibility determinations, found that the circumstances described in Walker's motion to set aside the default judgment constituted excusable neglect, and therefore concluded that the District Court abused its discretion in denying his motion. M.R.S.C.P. 9; M.R. Civ. P. 60(b). The Taylors then filed a motion for reconsideration, which the Superior Court denied. *See* M.R. Civ. P. 59(e). They now appeal from the order setting aside the default.

---

[1] M.R.S.C.P. 9, the rule governing motions to set aside small claims judgments, incorporates the provisions of M.R. Civ. P. 60.

[2] It is not clear from the record why the District Court judge who presided over the small claims trial list was not the judge who acted on Walker's motion to set aside the default.

## II.  DISCUSSION

A.    Process for Appealing Small Claims Judgments

[¶5]  The Superior Court has limited and specific authority when a small claims matter is appealed.  *See* 4 M.R.S. § 105(3)(B)(2) (2016); 14 M.R.S. § 7484-A(1) (2016); M.R.S.C.P. 11(d).  If a defendant appeals and seeks a trial of the facts, the defendant must include a jury trial request and pay the required fee for a jury trial in the Superior Court.  *See* M.R.S.C.P. 11(d)(2); Revised Court Fees Schedule and Document Management Procedures, Me. Admin. Order JB-05-26 (as amended by A. 7-16), § I(A)(3) (effective July 29, 2016).  However, a plaintiff, having chosen the small claims forum, may appeal only on questions of law and cannot appeal and request another trial of the facts.  *See* M.R.S.C.P. 11(d)(1).

[¶6]  A party may appeal a small claims order to the Superior Court to raise issues of law or, as is the case here, to challenge an exercise of discretion not related to the court's factual findings on the substance of a motion.  *See* M.R.S.C.P. 11(d)(1)-(2).  Thus, although the Superior Court may not decide facts in a small claim appeal when acting in a purely appellate capacity, the court may review challenges to the District Court's application of the law or, in rare circumstances, the Superior Court may review the District Court's exercise of

discretion in a making a determination that is not related to the trial of facts on the merits of the claim. *See id.*

B.     Final Judgment Rule

[¶7]     Here, Walker appealed from the District Court's exercise of discretion in denying his motion to set aside the default. Thus, the Superior Court's authority was purely on questions of law. Nonetheless, it made independent factual findings, vacated the District Court's order, and remanded the matter for a trial on the substance of the complaint.

[¶8] The matter is not yet final because there is further action to be taken in the District Court. *Griswold v. Town of Denmark*, 2007 ME 93, ¶ 17, 927 A.2d 410. Therefore, the appeal to us is interlocutory and is not ripe for appellate review unless an exception to the final judgment rule applies. *See Doggett v. Town of Gouldsboro*, 2002 ME 175, ¶ 8, 812 A.2d 256 ("We have regularly held that appeals from court orders remanding a matter to another court . . . for further action are interlocutory appeals . . . ."); *Aubry v. Town of Mt. Desert*, 2010 ME 111, ¶ 5, 10 A.3d 662; *Fiber Materials, Inc. v. Subilia*, 2009 ME 71, ¶¶ 12-13, 974 A.2d 918. "A party urging that we reach the merits of an otherwise interlocutory appeal has the burden of demonstrating to us that one

6

of th[e] exceptions to the final judgment rule justifies our reaching the merits of the appeal." *Sanborn v. Sanborn*, 2005 ME 95, ¶ 6, 877 A.2d 1075.

[¶9] Because the Superior Court's authority did not extend to deciding the facts related to the motion to set aside default, and because of the unique and expedited nature of a small claims matter, *see* 14 M.R.S. § 7481; M.R.S.C.P. 1, we conclude that the judicial economy exception applies. Accordingly, rather than simply dismissing the matter without comment, we address the authority of the Superior Court and the process on remand.

C.    Superior Court Authority and Remand

[¶10] As noted above, the Superior Court vacated the District Court's order denying Walker's motion to set aside the default judgment and entered judgment in Walker's favor on that motion. In doing so, the Superior Court made certain factual findings that exceeded its authority and vacated an exercise of the District Court's discretion based on the facts that it found independently, without the authority for fact finding or a record upon which to review the facts. The District Court was authorized to deny the motion without a hearing upon concluding that the facts alleged in Walker's motion, even if proved, did not constitute excusable neglect for the purposes of M.R. Civ. P. 60(b). *See Laurel Bank & Tr. Co. v. Burns*, 398 A.2d 41, 45 (Me. 1979)

(stating that a party seeking relief from judgment bears the burden of presenting competent evidence demonstrating his entitlement to relief pursuant to M.R. Civ. P. 60(b)). Acting as the appellate tribunal here, the Superior Court was not at liberty to independently make the factual findings that formed the basis of its decision to *grant* Walker's motion. *Cf. Suzman v. Comm'r, Dep't of Health & Human Servs.*, 2005 ME 80, ¶ 24, 876 A.2d 29 ("Neither this Court nor the Superior Court, acting in an appellate capacity, is free to make factual findings independent of those made by [an] agency . . . ."); *see also Sheepscot Land Corp. v. Gregory*, 383 A.2d 16, 24 (Me. 1978) ("Whether the default entry or default judgment resulted from factual circumstances justifying relief is a question of fact and must be proven by evidence . . . .").

[¶11] Thus, assuming that, as an appellate court, the Superior Court identified an important factual allegation in the record before it that would necessitate fact-finding, it should have exercised its appellate authority to remand the matter to the District Court for an evidentiary hearing on the motion to set aside the default.

[¶12] We therefore remand to the Superior Court with instructions to determine whether the allegations set forth in Walker's motion to set aside the default necessitated an evidentiary hearing on the motion. If the Superior Court

8

determines that the District Court abused its discretion in deciding the motion without a hearing, it will remand the matter to the District Court for a hearing on Walker's motion.  If the Superior Court determines that the District Court did not abuse its discretion in adjudicating the motion to set aside the default without a hearing, the Superior Court must affirm the District Court's denial of the motion to set aside the default and affirm the judgment in favor of the Taylors.

The entry is:

> Order of the Superior Court vacated.  The matter is remanded to the Superior Court with instructions to determine whether to remand the case to the District Court for an evidentiary hearing on the motion to set aside the default or to affirm the District Court's judgment.

---

ALEXANDER, J., concurring in part/dissenting in part.

[¶13]  I concur with the Court that we should reach the merits of this interlocutory appeal, and I concur with the Court that the Superior Court's judgment on appeal from the District Court must be vacated.  However, because the record of information available to the District Court demonstrates that the District Court acted within its discretion, I respectfully dissent from the Court's

remanding for any further review of facts by the Superior Court or by the District Court. Because error in the District Court's order has not been demonstrated on this appeal, the District Court's judgment should be affirmed.

[¶14] Review of the record discloses the following facts, available to the District Court when it reached its decision, that support the District Court's action after receiving Mark Walker's letter. Fred and Eleanor Taylor initiated the small claims action in the Lewiston District Court seeking damages of $4,256 plus costs. A hearing on the Taylors' statement of claim was scheduled for July 5, 2016, at 8:30 a.m.

[¶15] On June 13, 2016, three weeks before the hearing date, a notice of the hearing was sent to Walker at his Windham address. The notice specifically stated that the hearing would be held at the Lewiston District Court, with the court's address prominently displayed in the middle of the page, set-off from the rest of the text. The notice stated that the hearing was set for 8:30 a.m. and warned Walker that failure to appear may result in a default judgment against him. On July 5, Walker failed to appear, and the court (*Ende, J.*) entered a default judgment in favor of the Taylors.

[¶16] Later on July 5, Walker submitted a letter to the Lewiston District Court. In the letter, Walker alleged that he had (i) appeared at the Portland

District Court; (ii) called the Lewiston District Court at 9:08 a.m. "and was told I could yet come to Lewiston"; (iii) found he had mislaid his car keys; (iv) discovered that his car keys had been left at entry screening; (v) called the "clerk" again, left Portland after 10:00 a.m., and arrived at Lewiston District Court around 11:00 a.m. The letter provided no justification for Walker going to Portland rather than Lewiston, as the notice had specifically directed him to do, nor did the letter provide any justification for the apparent late arrival at Portland.

[¶17] By letter to the District Court dated July 15, 2016, the Taylors opposed reopening the hearing. The District Court treated Walker's July 5 letter as a motion to set aside the default judgment.[3] In an order dated July 26, the court (*Oram, J.*) denied the motion. The court's order states, in pertinent part, "After considering the filings, [Walker's] motion to set aside default is denied." In evaluating the motion, the court could have reasonably concluded, based on its review of the letter and the court file, that even if the claims in Walker's letter were true, he was not entitled to relief.

---

[3] M.R.S.C.P. 9, the rule governing motions to set aside small claims judgments, incorporates the provisions of M.R. Civ. P. 60.

[¶18]  There are many defaults and failures to appear in properly noticed small claims proceedings and other minor civil actions.  Acting without hearing on post-judgment letters or motions seeking to excuse defaults in such minor civil matters is frequent practice.[4]  Were the practice otherwise, final resolution of such matters could be unduly delayed, and parties who did appear to prosecute or defend such matters could be unduly burdened because of a nonappearing party's dilatory behavior or carelessness.

[¶19]   As the Court's opinion correctly notes: "The District Court was authorized to deny the motion without a hearing upon concluding that the facts alleged in Walker's motion, even if proved, did not constitute excusable neglect for the purposes of M.R. Civ. P. 60(b)."  Court's Opinion ¶ 10.

[¶20]  In his July 5 letter to the District Court, Walker did not explain why he went to Portland when the notice he received, in explicit terms, directed him to the Lewiston District Court; and he did not explain why he arrived at the Portland District Court clerk's office after 9:00 a.m., when the noticed hearing time was 8:30 a.m.  The District Court was authorized to deny the motion

---

[4] *See* M.R. Civ. P. 7(b)(7) ("Except as otherwise provided by law or these rules, after the opposition is filed the court may in its discretion rule on the motion without hearing."); M.R. Civ. P. 7(b)(5) ("The court may in its discretion deny a motion for reconsideration without hearing and before opposition is filed.").

12

without a hearing upon concluding that the limited facts alleged in Walker's July 5 letter, even if they could have been proved at a hearing, did not constitute excusable neglect for the purposes of M.R. Civ. P. 60(b). Too much was left unexplained in Walker's letter. *See Laurel Bank & Tr. Co. v. Burns*, 398 A.2d 41, 45 (Me. 1979) (stating that a party seeking relief from judgment bears the burden of presenting competent evidence demonstrating his entitlement to relief pursuant to M.R. Civ. P. 60(b)).

[¶21] The trial court's action, whether taken with or without a hearing, is reviewed for an abuse of discretion. On appeal from the District Court to the Superior Court, Walker, the party seeking to change the decision on appeal, had the burden of persuasion to demonstrate error or, in this case, abuse of discretion. *See Beal v. Town of Stockton Springs*, 2017 ME 6, ¶ 13, 153 A.3d 768; *Rossignol v. Me. Pub. Employees Ret. Sys.*, 2016 ME 115, ¶ 6, 144 A.3d 1175. Walker had the burden to demonstrate that the District Court abused its discretion in (i) not holding a hearing and (ii) denying Walker's request to reconsider and reopen the hearing.

[¶22] An abuse of discretion may be demonstrated when the record indicates that a court, in discretionary decision-making: "(1) considers a factor prohibited by law; (2) declines to consider a legally proper factor under a

mistaken belief that the factor cannot be considered; (3) acts or declines to act based on a mistaken view of the law; or (4) expressly or implicitly finds facts not supported by the record according to the clear error standard of review." *Smith v. Rideout*, 2010 ME 69, ¶ 13, 1 A.3d 441; *Pettinelli v. Yost,* 2007 ME 121, ¶ 11, 930 A.2d 1074.

[¶23] The limited record that Walker presented to the District Court lacked explanation of critical facts relating to his disregard of the explicit notice Walker received directing him when and where to appear. That record does not demonstrate that the District Court abused its discretion in denying, without hearing, Walker's motion to strike the default conveyed by his letter of July 5, 2016. Because no abuse of discretion has been demonstrated, the District Court's decision must be affirmed.

---

Adam R. Lee, Esq., Trafton, Matzen, Belleau & Frenette, LLP, Auburn, for appellants Fred and Eleanor Taylor

Mark W. Walker, appellee pro se

Androscoggin County Superior Court docket number AP-2016-11
FOR CLERK REFERENCE ONLY