STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-17-25

NOELLE TOGNELLA,

Plaintiff-Appellee

v.

DECISION AND ORDER

JON TALTY d/b/a
TALTY CONSTRUCTION,

STATE OF MAINE
Cumberland ss Clerk's Office

9:47AM JAN 30 2018

RECEIVED

Defendant-Appellant

Before the court is defendant-appellant Jon Talty's appeal from a small claims judgement in favor of plaintiff-appellee Noelle Tognella. Based on the following, the judgment of the Small Claims Court is affirmed.

BACKGROUND

The following facts are set forth in the record. Plaintiff hired defendant to renovate her home in Portland, Maine. (Tr. 8, 9.) Prior to commencement of renovations, plaintiff gave defendant a document outlining the scope of work she expected to be performed on the house. (Tr. 14-15; Pl.'s Ex. 2.) Defendant, in turn, drafted a document (the "proposal") dated September 15, 2016, which lists electrical, plumbing, drywall, tile, and carpentry work to be performed as well as the associated cost of the work. (Tr. 13; Pl.'s Ex. 1.) The proposal was not signed by either party; did not contain an estimated date of commencement or completion of the work; and did not contain a warranty statement, a statement regarding dispute resolution, a statement regarding change orders, or a statement informing plaintiff about the Attorney General's website. Noelle Tognella v. Jon Talty, No. SC-17-382, at *3 (Me. Dist. Ct., Portland, May 26, 2017); (Pl.'s Ex. 1.) Similarly, no copy of the Attorney General's consumer protection information was attached as an

1

addendum to the proposal. Noelle Tognella v. Jon Talty, No. SC-17-382, at *3 (Me. Dist. Ct., Portland, May 26, 2017); (Pl.'s Ex. 1.)

During the course of the renovations, plaintiff became increasingly alarmed by the slow pace of the work; what she perceived to be the low quality of the work; and the lack of specificity regarding costs in the proposal. (Tr. 9-10, 13-14, 18, 20-21.) Correspondence between plaintiff and defendant shows that the proposal was modified numerous times to reflect increased costs and to clarify what work, materials, and costs the proposal covered. (Tr. 14-17; Pl.'s Ex.'s 1, 3, 5.) None of these modifications was signed by both parties (Pl.'s Ex.'s 1, 3, 5.)

On November 9, 2016, plaintiff terminated defendant's employment as general contractor. (Tr. 29-30; Pl.'s Ex. 9.) As of that date, plaintiff had paid defendant a total of $40,000. (Tr. 30.) Plaintiff emailed defendant on November 26, 2016 and requested that he return $9,000 paid to him for work he never completed. (Tr. 35-36; Pl.'s Ex. 12.) When she did not receive a response, plaintiff mailed a certified letter to defendant and made the same request. (Tr. 36; Pl.'s Ex. 13.) Specifically, plaintiff claimed that defendant did not perform the following work: kitchen installation, stairs, access panels and dryer, bathroom vanities, and floor trim on the first floor. (Tr. 35-36; Pl.'s Ex.'s 12, 13.)

On April 28, 2017, plaintiff filed a statement of claim in the Small Claims Court. On May 25, 2017, a hearing was held. On May 26, 2017, the Small Claims Court issued written findings of fact and conclusions of law and found that plaintiff had paid defendant $3,000 for work that was ultimately never performed and that the written agreement and course of conduct between the parties evidenced at least ten violations of 10 M.R.S. §§ 1487, 1488. Noelle Tognella v. Jon Talty, No. SC-17-382, at * 3-4 (Me. Dist. Ct., Portland, May 26, 2017). Pursuant to 10 M.R.S. § 1490,

2

the Small Claims Court imposed a $200.00 civil forfeiture for each of the ten violations. Id. at 3. On June 26, 2017, defendant filed a notice of appeal.

STANDARD OF REVIEW

When a jury trial has not been requested, the Superior Court's review of a small claims judgment rendered by the district court is limited to questions of law only. M.R.S.C.P. 11(d); Taylor v. Walker, 2017 ME 218, ¶ 6, 173 A.3d 539. Issues of fact may not be retried unless a small claims defendant has requested a jury trial de novo. M.R.S.C.P. 11(d); Taylor, 2017 ME 218, ¶ 5, 173 A.3d 539. In this case, defendant has not requested a jury trial. Accordingly, appellate review is limited to matters of law.

DISCUSSION

Defendant-appellant argues on appeal: (1) that the District Court misinterpreted what defendant was referring to when defendant stated he had completed 95% of the work he was paid for; (2) defendant cannot be penalized under the Maine Home Construction Contract Act because no contract existed; (3) plaintiff owes defendant money; (4) plaintiff knew the costs of defendant's services did not include the cost of materials; and (5) plaintiff breached the agreement for her own benefit.

Defendant's last three arguments concern only the existence of a contract and whether the contract has been breached. Whether a contract exists and has been breached as well as the amount of damages resulting from a breach are questions of fact. Sullivan v. Porter, 2004 ME 134, ¶ 13, 861 A.2d 625; Tobin v. Barter, 2014 ME 51, ¶¶ 9-10, 89 A.3d 1088. Defendant's first argument also disputes the Small Claims Court's factual finding regarding the portion of the work that had been completed. Even if appellate review was not limited to questions of law, the court cannot substitute its interpretation of defendant's testimony for that of the Small Claims Court. See State

3

v. McPartland, 2012 ME 12, ¶ 13 n.2, 36 A.3d 881 ("Our review for clear error does not permit us to substitute our interpretation of [a witness's] testimony for that of the fact-finder."); M.R. Civ. P. 76D ("any findings of fact of the District Court shall not be set aside unless clearly erroneous").

Defendant's second point on appeal raises a mixed question of fact and law. Defendant argues that the agreement between plaintiff and defendant was not a contract because it was merely a proposal which allowed defendant to begin renovating plaintiff's home. Defendant argues that, because no contract existed, he should not have been fined for violating 10 M.R.S. Chapter 219-A which governs home construction contracts.

Pursuant to 10 M.R.S. § 1487, "any home construction contract for more than $3,000 in materials or labor" must meet certain requirements. 10 M.R.S. § 1487 (2016). Similar requirements exist for changes made to existing home construction contracts. 10 M.R.S. § 1488 (2016). A court may impose a forfeiture of "not less than $100 nor more than $1,000" for each violation of either of these sections. 10 M.R.S. § 1490 (2016). Whether a contract exists is a question of fact. Sullivan, 2004 ME 134, ¶ 13, 861 A.2d 625.

In this case, the Small Claims Court found that a home construction contract, although an improper one, for more than $3,000 existed between plaintiff and defendant. Noelle Tognella v. Jon Talty, No. SC-17-382, at *3 (Me. Dist. Ct., Portland, May 26, 2017). The Small Claims Court also found that the contract and the attendant modifications to the contract did not comply with sections 1487 and 1488. Id. The record reveals evidence sufficient to support both these findings. (Tr. 8, 9, 15-17, 30, 41-42; Pl.'s Ex.'s 1, 3, 5); See Estes v. Smith, 521 A.2d 682, 685 (Me. 1987) (a contract requires an offer, acceptance, and consideration.) The parties did not exempt themselves from the requirements of the statute. 10 M.R.S. § 1489. (2016). Accordingly, the

4

Small Claims Court did not err as a matter of law when it imposed a forfeiture for each violation pursuant to 10 M.R.S. § 1490.

The entry is

The Judgment of the Small Claims Court is AFFIRMED.

Date: January 29, 2018

Nancy Mills
Justice, Superior Court

5