Dissent: ALEXANDER, J.
MEAD, J.
[¶ 1] John F. Vanadia, D.O., Bangor Surgical Associates, P.A., and St. Joseph Hospital appeal from an order of the Superior Court (Penobscot County, A. Murray, J. ), acting as medical malpractice screening panel chair pursuant to 24 M.R.S. § 2852(6) (2017) and M.R. Civ. P. 80M(e), granting Dorothea B. McCain's motion to compel them to produce in discovery thirty redacted, nonparty patient medical records that the court found were relevant to McCain's notice of claim asserting medical negligence. The appellants contend that the court erred in ordering the records' disclosure because they are (1) irrelevant to McCain's claim and (2) protected from disclosure by state and federal statute and by the physician-patient privilege set out in M.R. Evid. 503.
[¶ 2] McCain has moved to dismiss this interlocutory appeal on two grounds, asserting first that decisions of the Superior Court acting as panel chair are not appealable, see Gafner v. Down E. Cmty. Hosp. , 1999 ME 130, ¶ 12, 735 A.2d 969 ; and second that dismissal is required pursuant to the final judgment rule, see Bd. of Overseers of the Bar v. Warren , 2011 ME 124, ¶ 19, 34 A.3d 1103 ("The general rule is that discovery orders are deemed interlocutory and therefore are reviewable only on appeal from the final judgment.").
[¶ 3] Given the unusual procedural posture presented here, we hold that the discovery order issued during the course of the panel proceedings is now a nullity and therefore does not govern future proceedings in this case. Accordingly, no exception to the final judgment rule applies that would require us to reach the merits of the parties' arguments now, and we remand the matter to the Superior Court.
*1176 I. BACKGROUND
[¶ 4] In November 2015, John Vanadia, the sole physician employed by Bangor Surgical Associates, P.A., performed a laparoscopic cholecystectomy (gallbladder removal) on Dorothea McCain at St. Joseph Hospital in Bangor. During the procedure, Vanadia cut McCain's common bile duct after mistaking it for her cystic duct, necessitating corrective surgery soon thereafter.
[¶ 5] On June 30, 2016, McCain filed a notice of claim against Vanadia and Bangor Surgical Associates, P.A. (collectively Vanadia), alleging medical negligence; her claim was later amended to include St. Joseph Hospital (SJH). See 24 M.R.S. § 2853(1) (2017) ; M.R. Civ. P. 80M(b)(1). The Chief Justice of the Superior Court appointed a medical malpractice screening panel chair pursuant to 24 M.R.S. § 2852(2)(A) (2017) and M.R. Civ. P. 80M(b)(2).
[¶ 6] In May 2017, McCain filed a motion to compel the production in discovery of "[t]he operative notes for each and every [laparoscopic cholecystectomy ] performed by Vanadia in 2015 with the names and any identifying information for the individual patients redacted to preserve patient confidentiality." When Vanadia and SJH objected, the panel chair referred the motion to the Superior Court. See 24 M.R.S. § 2852(6) ; M.R. Civ. P. 80M(e).
[¶ 7] Pursuant to M.R. Civ. P. 26(g), the court held a hearing and granted the motion, ordering that Vanadia and SJH produce the operative notes for the fifteen laparoscopic cholecystectomies performed by Vanadia preceding McCain's procedure and for the fifteen following her procedure. The court took great care to order that the records be heavily redacted to protect the identities of the patients.
[¶ 8] Vanadia and SJH filed a motion to reconsider and a timely notice of appeal; McCain then moved this Court to dismiss the appeal. The trial court declined to act on the motion to reconsider because of the pending appeal, see M.R. App. P. 3(b) (Tower 2016),[1] and we consolidated our consideration of the motion to dismiss with our review of the appeal's merits.
[¶ 9] Inexplicably, while those matters were pending, the parties opted to forge ahead with the panel process without the records subject to the discovery order having been produced. The screening panel held a hearing and entered a unanimous decision on the questions of whether Vanadia deviated from the applicable standard of care; whether his acts or omissions were the proximate cause of McCain's injury; and whether, if Vanadia were found to be negligent, any contributory negligence on the part of McCain outweighed his negligence.[2] See 24 M.R.S. § 2855(1) (2017). The issuance of findings by the screening panel marked the conclusion of the panel's role in McCain's claim. See 24 M.R.S. § 2858 (2017). On September 18, 2017, McCain filed a civil complaint in the Superior Court against Bangor Surgical Associates, P.A., and SJH, alleging medical negligence.
II. DISCUSSION
[¶ 10] The appeal brought by Vanadia and SJH is interlocutory, in that McCain's post-screening panel medical negligence claim has not yet proceeded beyond the filing of a complaint. Therefore, we must initially determine whether *1177 the appellants have met their burden of "demonstrating ... that one of the exceptions to the final judgment rule justifies our reaching the merits of the appeal." Taylor v. Walker , 2017 ME 218, ¶ 8, 173 A.3d 539 (alteration omitted) (quotation marks omitted). If not, then the appeal "is not ripe for appellate review." Id. Vanadia and SJH assert that the death knell and collateral order exceptions to the final judgment rule apply here. Because we conclude that the order at issue is no longer operative, the exceptions do not apply.
[¶ 11] In issuing its discovery order granting McCain's motion to compel the production of thirty nonparty operative notes, the Superior Court acted in a limited role in place of the screening panel chair as part of the screening panel proceedings. Gafner , 1999 ME 130, ¶ 12, 735 A.2d 969 ; see 24 M.R.S. § 2852(6) ; M.R. Civ. P. 80M(e). In Gafner , we held that in that circumstance
[the court's] actions are subject to the same provisions and remedial limitations as those of the chair. The decisions of the panel chair, including its discovery rulings, are not subject to appellate review. Consequently, ordinary discovery orders entered by the Superior Court in matters pending before the panel are not reviewable.
1999 ME 130, ¶ 12, 735 A.2d 969 (citations omitted). However, in a footnote, we recognized, but did not address, "the possibility that a judicial order in a panel discovery matter related to issues such as privilege may be immediately subject to appellate review." Id. ¶ 12 n.4.
[¶ 12] Eight years later we revisited Gafner , holding that
discovery orders that are entered by the Superior Court while the matter is pending before a prelitigation panel are not reviewable. In Gafner , we reserved the issue as to whether the decision of a judicial officer in a panel discovery matter relating to an issue such as privilege might be immediately subject to appellate review. We here answer that reserved question in part. A decision upholding a claim of privilege or confidentiality is not subject to appellate review.
Estate of Cox v. E. Me. Med. Ctr. , 2007 ME 15, ¶ 6, 915 A.2d 418 (citation omitted). We specifically did not answer the question that is presented in this case, namely whether a decision on a discovery matter denying a claim of privilege or confidentiality is subject to immediate appellate review. For the following reasons, on the unique and very specific facts and circumstances of this case, we decline to answer it now.
[¶ 13] As noted previously, after McCain obtained the unusual discovery order, the parties elected to proceed with the panel hearing before Vanadia and SJH produced the records that the court had ordered to be disclosed. Indeed, to date, we understand that no records have been disclosed. Had the parties and the panel taken the step of scheduling the screening panel hearing for after the receipt of the court's discovery order and our consideration of that order, we may well have been called upon to decide the question left unanswered in Estate of Cox . Now, however, the case has moved from the panel phase to the trial phase without any nonparty medical records having been produced, and we conclude that the order has lost its vitality. In other words, in these unique circumstances, and on this record, we conclude that the order is no longer the "law of the case" and has become a nullity without legal force or effect. See Chretien v. Chretien , 2017 ME 192, ¶ 6, 170 A.3d 260 ("We will decline to hear a case that has lost its controversial vitality and is *1178 moot ...." (alteration omitted) (quotation marks omitted) ).
[¶ 14] We acknowledge that, ordinarily, the Superior Court's discovery order would be effective in the post-panel proceeding. As 24 M.R.S. § 2857(3) (2017) provides, "in a subsequent Superior Court action all discovery conducted during the prelitigation screening panel proceedings is deemed discovery conducted as a part of that court action." In this case, however, because the parties allowed the panel hearing to move forward and to a conclusion without disclosure of the nonparty records, the records were apparently deemed not sufficiently relevant to the plaintiff's case in the panel process. Moreover, the motion for reconsideration was never acted upon by the judge or panel chair, and the assessment of the relevance of the records may have changed as the litigation progressed. These unique circumstances lend additional weight to our conclusion that the discovery order was rendered a nullity upon the conclusion of the panel process. Accordingly, we determine that any discovery request for the nonparty records at issue here, if still sought by the plaintiff, must be presented anew to the Superior Court for an analysis of the records' relevance and whether any privilege protects them.
[¶ 15] Because the records were not provided and therefore not presented in the panel proceeding, we need not decide, and do not decide, whether a decision of a judge acting as panel chair that compels discovery in the face of a claim of privilege is immediately appealable.
[¶ 16] Finally, because the order appealed from has become a nullity, neither the death knell nor the collateral order exception to the final judgment rule applies with regard to the merits of the appeal. Both exceptions require that the party invoking the exception demonstrate an irreparable loss of the right claimed. See Taylor , 2017 ME 218, ¶ 8, 173 A.3d 539 ; In re Evelyn A. , 2017 ME 182, ¶ 14, 169 A.3d 914 (stating that the death knell exception "allows a party to appeal an interlocutory order immediately if substantial rights of that party will be irreparably lost if review is delayed until final judgment" (quotation marks omitted) ); Bond v. Bond , 2011 ME 105, ¶ 11, 30 A.3d 816 (stating that the collateral order exception applies when a court's decision "would result in irreparable loss of the rights claimed, absent immediate review" (quotation marks omitted) ). Vanadia and SJH cannot make the required showing concerning their claim that the nonparty operative notes must be protected from disclosure because no records were actually produced, nor will they be without further hearing and analysis by the Superior Court. Accordingly, there is no harm or threat of harm to an important right that would justify our immediate review of the merits. See Taylor , 2017 ME 218, ¶ 8, 173 A.3d 539.
[¶ 17] We note that the dissent undertakes to address substantive issues raised by the appellants. See Dissenting Opinion ¶¶ 21-33. Because we are remanding this matter without reaching the merits of the appeal, we do not endorse or reject the conclusions reached by the dissent on those issues.
The entry is:
Remanded for further proceedings in the Superior Court consistent with this opinion.

The motion to reconsider and the notice of appeal were filed before the restyled Maine Rules of Appellate Procedure took effect. M.R. App. P. 1.

At this stage of the case, the panel's findings are confidential. 24 M.R.S. § 2857(1) (2017).