STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss                                      CIVIL ACTION
                                                  DOCKET NO. AP-18-43

JESSICA ALLEN BOUTIN,

          Appellee                                **ORDER**

v.

R.E. DRAPEAU, INC.,

          Appellant


Before the Court is Appellant R.E. Drapeau, Inc.'s ("Drapeau's") Rule 76G appeal of a Small Claims decision of the District Court (*Montgomery, J.*). Appellee Jessica Allen Boutin ("Boutin") has also moved to dismiss the appeal based on the alleged failure of the appellant to timely request a copy of the transcript.

## Background

This matter arises out of a dispute over a faulty clothes dryer which Boutin purchased from Drapeau and used, albeit briefly, in her hair and nail salon. Specifically, the parties dispute the applicability of the implied warranty of merchantability.

On February 5, 2018, Boutin's husband Jeff went to Drapeau and inquired about purchasing a clothes dryer for Boutin's salon. (Tr. 20, 58.) Jeff Spoke with Dan Poulin, a co-owner of Drapeau, about a specific model of a Whirlpool brand clothes dryer. (Tr. 58-59.) Dan told Jeff that there would be no warranty on the Dryer if it was used in Boutin's salon because the manufacturer would not cover it. (Tr. 59.) Jeff said he understood this and would talk to his wife about it. (Tr. 59.)

The next day, February 6, 2018, Jeff returned to Drapeau and spoke with Ronald Poulin, Dan Poulin's brother and co-owner, and informed Ronald that he would like to purchase the

1

Whirlpool dryer. (Tr. 59.) Ronald attempted to persuade Jeff to purchase a much less expensive model suggesting that it would be riskier to purchase the Whirlpool dryer because there was no warranty. (Tr. 59.) Jeff declined this invitation and purchased the Whirlpool dryer for $1,170. (Tr. 11, 59.) The dryer was delivered and installed at Boutin's Salon the same day it was purchased. (Tr. 60.)

Two days later, on February 8, 2018, the dryer stopped working. (Tr. 11.) Boutin called Drapeau and Dan went to the Salon to service the dryer. (Tr. 11, 36.) Dan discovered that the filter had not been properly inserted and adjusted the filter. (Tr. 36.) The next day, however, the dryer was still not working and was showing the same error code as the day before. (Tr. 11.) Dan returned to the salon and made an adjustment to the drainpipe to try and alleviate any strain on the dryer pump. (Tr. 11.) The Dryer worked for a couple of cycles before it once again stopped working and showed the same error code. (Tr. 12.) Boutin contacted Drapeau and spoke with Dan who told her that the dryer was not covered by a warranty and that Boutin would have to contact Whirlpool. (Tr. 14, 35, 37.) Drapeau refused to replace the dryer or the dryer pump. (Tr. 14.)

Boutin initiated a small claims action on March 22, 2018 and a hearing was held on June 8, 2018. On June 19, 2018, judgment was granted to Boutin in the amount of $1,170 and costs of $55.

**Standard of Review**

When a jury trial has not been requested, the Superior Court's review of a small-claims judgment rendered by the District Court is limited to questions of law only. M.R.S.C.P. 11(d); *Taylor v. Walker*, 2017 ME 218, ¶ 6, 173 A.3d 539. "Any findings of fact of the District Court shall not be set aside unless clearly erroneous." M.R. Civ. P. 76D. "Factual findings are deemed

2

clearly erroneous only when there is no competent record evidence to support them." *Thibeault v. Brackett*, 2007 ME 154, ¶ 14, 938 A.2d 27.

## Discussion

### I. Appellee Boutin's Motion to Dismiss

In her opposition, Boutin requests that the court dismiss the appeal for want of prosecution. In support of her arguments Boutin cites Rules 76F and 76H. Rule 76F requires the record on appeal to be "filed in the Superior Court not later than 40 days after the filing of the notice of appeal or 10 days after the filing of any transcript . . . whichever occurs later." M.R. Civ. P. 76F(a). Additionally, Rule 76F specifies that "it is the Appellant's responsibility to insure that these time limits are met." If the Appellant fails to comply with Rule 76F, "the District Court may . . . dismiss the appeal for want of prosecution." Rule 76H states that "an appellant must file with the notice of appeal a fully completed transcript order form . . . ." M.R. Civ. P. 76H(3)(B)(i).

In this case, the notice of appeal was filed on July 9, 2018. A transcript request form was filed along with the notice of appeal. The transcript was filed on January 11, 2019. Given these facts, the court declines to dismiss the appeal for want of prosecution.

### II. The Merits of Drapeau's Appeal

Drapeau's sole argument on appeal is that the "uncontroverted evidence" shows that it properly disclaimed any and all warranties for the commercial use of the dryer. Based on this disclaimer, Drapeau argues there was no implied warranty of merchantability and that the District Court therefore committed error and abused its discretion when it entered judgment for Boutin. Drapeau's argument is based on the uniform commercial code which allows a seller of commercial goods to disclaim the implied warranty of merchantability.

3

Pursuant to the UCC, all contracts for the purchase of goods from a merchant contain an implied warranty that the goods shall be merchantable. 11 M.R.S. § 2-314(1). In order to be merchantable, goods must, among other things, be "fit for the ordinary purpose for which such goods are used." *Id.* § 2-314(1)(c). The implied warranty of merchantability, however, may be excluded from a contract for the sale of commercial goods. *Id.* § 2-316. The implied warranty may not be excluded from a contract for the sale of consumer goods. *Id.* Consumer goods are "goods that are used or bought for use primarily for personal, family or household purposes." *Id.* §§ 2-103(3), 9-1102(23). In order to exclude the implied warranty of merchantability from a non-consumer sale of goods, the language of exclusion must mention merchantability or contain language "which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty." *Id.* § 2-316(2), (3)(a). Examples of such language are "as is" or "with all faults." *Id.* § 2-316(3)(a). If the language of exclusion is in a writing it must be conspicuous. *Id.* § 2.

To support its argument, Drapeau points to testimonial evidence that the Poulins told Boutin's husband that "there would be no warranty if [Boutin] put [the dryer] in the salon, [or] any commercial setting because the manufacturer won't cover it." (Tr. 58-59.) This testimony, however, does not show that Boutin was expressly told the implied warranty of merchantability would not apply. Simply stating that there would be no warranty if the dryer was used in a commercial setting does not make plain that there is also no implied warranty of merchantability. This is particularly so given the reference to the manufacturer in the quoted language above. This indicates that the Poulin's were talking about the lack of an express manufacturer's warranty and not the exclusion of the implied warranty of merchantability. Additional record evidence supports

4

this conclusion. (Tr. 12-13, 35, 39, 63; Def.'s Ex. 1.) These facts support a finding that Drapeau did not exclude the implied warranty of merchantability from the sale of the dryer.

**Conclusion**

Based on the record evidence, the District Court did not commit error or abuse its discretion when it entered judgment in favor of Boutin.

The entry is

The Judgment of the District Court is AFFIRMED.


Date:_____

_____
Justice, Superior Court

5